```
___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

       DEC 21 2005      DB

            AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                        DEPUTY
```

# CV05-2111 TSZ

The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MARQUEE HOLDINGS, INC.<br><br>and<br><br>LCE HOLDINGS, INC.,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF UNDER 15 U.S.C. § 26 AND RCW 19.86.080 FOR VIOLATIONS OF 15 U.S.C. § 18 AND RCW 19.86.060<br><br>05-CV-02111-CMP |

## I. NATURE OF COMPLAINT

1.1. The State of Washington brings this action, by and through Rob McKenna, Attorney General, and Mark O. Brevard, Assistant Attorney General, to enjoin the proposed merger of Marquee Holding, Inc. and LCE Holdings, Inc., and their respective subsidiaries, AMC Entertainment, Inc. and Loews Cineplex Entertainment, Inc.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

1

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

1.2. Plaintiff seeks to enjoin the transaction because, if approved, it may substantially lessen competition for the exhibition of first-run commercial films in first-run theaters in the relevant geographic market within the Seattle city limits and tend to create a monopoly therein, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, as well as RCW 19.86.060 of Washington's Unfair Business Practices-Consumer Protection Act.

## II. SUMMARY OF PARTIES

2.1. Defendant Marquee Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1221 Avenue of the Americas, New York, NY 10020-1080. AMC Entertainment, Inc., a wholly-owned subsidiary of Marquee Holdings, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at Kansas City, Kansas.

2.2. Defendant LCE Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 711 Fifth Avenue, New York, NY 10020-1080. Loews Cineplex Entertainment, Inc., a wholly-owned subsidiary of LCE Holdings, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at New York, New York.

## III. JURISDICTION AND VENUE

3.1. The State of Washington brings this action under Section 16 of the Clayton Act, 15 U.S.C. § 26, and RCW 19.86.080 of Washington's Unfair Business Practices-Consumer Protection Act, to prevent and restrain defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18, and RCW 19.86.060.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

2

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

3.2. Each defendant has its corporate headquarters outside Washington, but has engaged in business and currently is engaged in the business of exhibiting films in the Western District of Washington.

3.3. The court has subject matter jurisdiction under Sections 16 of the Clayton Act, 15 U.S.C. §§ 26, and under 28 U.S.C. §§ 1331, 1337.

3.4. Venue in this district is proper under Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391.

3.5. This Court has jurisdiction of the non-federal claims for alleged violations of state antitrust statutes based on 28 U.S.C. § 1367(a) as well as under the principles of supplemental jurisdiction.

## IV. TRADE AND COMMERCE

4.1 Defendants, through their respective subsidiaries, AMC Entertainment, Inc. and Loews Cineplex Entertainment, Inc., operate national movie theaters chains and earn revenue through the exhibition of first-run commercial films.

4.2. Although headquartered outside of Washington, defendant AMC Entertainment, Inc. operates first-run commercial film theaters within the State of Washington, including but not limited to the Pacific Place 11 and the Cinerama in Seattle.

4.3. Although headquartered outside of Washington, defendant Loews Cineplex Entertainment, Inc. operates first-run commercial film theaters within the State of Washington, including but not limited to the Meridian 16 in Seattle.

4.4. The first-run commercial films exhibited by defendants are distributed in interstate commerce, predominantly by out-of-state distributors.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

3

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

## V. RELEVANT MARKETS

### A. Product Market

5a.1. First-run commercial films are typically exhibited immediately upon release by film distributors, following extensive marketing efforts aimed at drawing maximum numbers of customers in the initial week or weeks immediately following release.

5a.2. After first-run commercial film exhibitions have concluded, consumers may attend the exhibition of films at "second-run" or "sub-run" theaters at lower prices or await the release of videotapes and DVDs of commercial films for home viewing; however, most customers do not regard these as adequate substitutes for attending first-run commercial film exhibitions.

5a.3. The market for the exhibition of first-run commercial films is distinct and strong, such that a small but significant admission price increase will not cause a sufficient number of customers to shift to second-run or sub-run films or to other forms of entertainment to make the price increase unprofitable.

5a.4. Thus, for purposes of evaluating the competitive effect of the merger for purposes of Section 7 of the Clayton Act, 15 U.S.C. § 18, and RCW 19.86.060, the relevant product market from the viewpoint of the customer is the exhibition of first-run films.

### B. Geographic Market

5b.1. The geographic market for the exhibition of first-run commercial films is local in nature.

5b.2. Films are licensed to exhibitors by film distributors on a theater-by-theater basis, and distributors typically limit first-run commercial film licenses to one per "film zone," an industry designation for recognized film distribution areas.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

4

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

5b.3. Exhibitors within a film zone compete on a theater-by-theater basis for the licenses to exhibit first-run commercial films and compete for customers to attend such films. Although some customers may be willing to travel across films zones to view first-run commercial films, generally customers are unwilling to travel far to view films.

5b.4. First-run commercial film theaters are often newer than those that offer second-run or sub-run exhibitions, and tend to have the capacity to accommodate large numbers of customers for first-run exhibitions in the initial weeks following release.

5b.5. The central part of Seattle encompasses a highly populated metropolitan area in which defendants AMC Entertainment, Inc. and Loews Cineplex Entertainment, Inc. are the dominant commercial film exhibitors.

5b.6. Defendants operate theaters in the central part of Seattle, competing with each other for customers for first-run commercial films from the central part of Seattle.

5b.7. From the viewpoint of a customer, theaters outside the central part of Seattle are not adequate substitutes for theaters within those areas; a small but significant increase in the price of tickets for first-run commercial films would not cause a sufficient number of customers to shift to first-run theaters outside this area to make the increase unprofitable.

5b.8. Thus, for purposes of Section 7 of the Clayton Act, 15 U.S.C. § 18, and RCW 19.86.060, the relevant geographic market with respect to the exhibition of first run commercial films in first-run theaters is the central part of Seattle.

## VI. MARKET EFFECTS

6.1. Defendants are the two largest exhibitors of first-run commercial films within the Seattle city limits and the relevant market therein and compete for the licensing rights to exhibit first-run commercial films and compete for costumers to view them.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

5

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

6.2. The proposed merger would eliminate this competition between the defendants and create a single, dominant exhibitor in the relevant market within the Seattle city limits.

6.3. The proposed merger would eliminate the current competition between defendants and create one dominant exhibitor in the already highly-concentrated relevant market, substantially lessening competition for the exhibition of first-run commercial films.

6.4. The merger will likely enhance the ability of the merged firm to raise ticket prices and to reduce investment in the improvement of existing theaters.

6.5. Barriers to entry for new exhibitors in the relevant geographic market, such as the high cost of real estate and construction, the scarcity of appropriate sites for development, and the need for time-consuming regulatory approvals, make it unlikely that new entrants would arise in the foreseeable future to counteract the market power of the merged firm.

**VII. FIRST CAUSE OF ACTION – Violation of Federal Clayton Act**

7.1. Washington hereby incorporates paragraphs 1.1 through 6.5.

7.2. Under an agreement and plan of merger entered into on June 20, 2005, defendants AMC Entertainment, Inc. and Loews Cineplex Entertainment, Inc. intend to merge their businesses. The effect of the proposed merger may be to substantially lessen competition in interstate trade and commerce for the exhibition of first-run commercial films in the relevant geographic within the Seattle city limits, manifested by at least an increase in prices for admissions to first-run commercial films above levels that would exist absent the merger, thereby violating Section 7 of the Clayton Act, 15 U.S.C. § 18.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

6

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

## VIII. SECOND CAUSE OF ACTION – Violation of Washington State Unfair Business Practice-Consumer Protection Act

8.1. Washington hereby incorporates paragraphs 1.1 through 6.5.

8.2. Under an agreement and plan of merger entered into on June 20, 2005, defendants AMC Entertainment, Inc. and Loews Cineplex Entertainment, Inc. intend to merge their businesses. The effect of the proposed merger may be to substantially lessen competition in interstate trade and commerce for the exhibition of first-run commercial films in the relevant geographic market within the Seattle city limits, manifested by at least an increase in prices for admissions to first-run commercial films above levels that would exist absent the merger, thereby violating RCW 19.86.060.

## IX. REQUEST FOR RELIEF

9.1. Accordingly, the plaintiff State of Washington prays that this Court:

a. Adjudge and decree that the proposed merger would violate Section 7 of the Clayton Act, 15 U.S.C. § 18 and RCW 19.86.060.

b. Permanently enjoin and restrain, pursuant to federal and state law, the defendants from consummating the proposed merger.

c. Award to plaintiff state of Washington such other equitable relief as the Court finds appropriate to redress the defendants' threatened violations of state law.

d. Award to plaintiff state of Washington its costs in this action, including reasonable attorneys' fees; and

e. Direct such other and further relief as the Court deems just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

7

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744

Dated this 21ST day December, 2005.

Respectfully submitted,

ROB MCKENNA
Attorney General

TINA E. KONDO
Senior Assistant Attorney General,
Antitrust Division Chief

*[signature]*

MARK O. BREVARD, WSBA #21228
Assistant Attorney General

900 4th Avenue, Suite 2000
Seattle, Washington 98164-1012
Phone: (206) 464-7030
Fax: (206) 587-5636
markb@atg.wa.gov

COMPLAINT FOR INJUNCTIVE RELIEF
UNDER 15 U.S.C. § 26 AND RCW 19.86.080
FOR VIOLATIONS OF 15 U.S.C. § 18
AND RCW 19.86.060

8

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012
(206) 464-7744